BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MAGIC MARKER SECURITIES LITIGATION ) DOCKET NO. 375

OPINION AND ORDER



BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON, STANLEY A. WEIGEL*, ANDREW A. CAFFREY, ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

Presently before the Panel are two actions, one pending in the Eastern District of Pennsylvania[1] and the other pending in the Southern District of New York.

This litigation was spawned by the indictment of fourteen individuals for conspiring, in violation of the federal securities laws, to inflate artificially the market price of Magic Marker Corporation's common stock from approximately November 1, 1971, through approximately November 30, 1972. The indictment, which also named nine individuals as unindicted co-conspirators, was filed in the Eastern District of Pennsylvania on September 6, 1977. Simultaneously, the Government filed in the Eastern District of Pennsylvania a criminal information against seven defendants. These seven defendants, all individuals, were named as unindicted

---

\*   Judge Weigel did not participate in the decision of this matter.

[1]  In the motion for transfer presently before us, the original movant refers to six different actions pending in the Eastern District of Pennsylvania. One of these six actions was dismissed in March, 1978. The other five actions have been consolidated for all purposes, and the Pennsylvania plaintiffs, pursuant to an order of the court, have filed a single complaint in that consolidated proceeding.

co-conspirators in the Pennsylvania indictment. The seven defendants named in the information and thirteen of the fourteen defendants named in the indictment pleaded guilty to one or more of the charges against them. The remaining defendant named in the indictment was found guilty on all counts of the indictment, and is presently appealing his conviction.

Defendants in the Pennsylvania action before the Panel include each of the individuals named as defendants or unindicted co-conspirators in the Pennsylvania indictment, Magic Marker, and numerous securities brokerage firms and other corporate entities that employed the individual defendants or that allegedly are responsible for the illegal conduct of others. The Pennsylvania action was commenced on behalf of a class of all purchasers of Magic Marker common stock between November 1, 1971, and July 31, 1973, who realized damages as a result of their purchase of the stock. On March 22, 1979, The Honorable Alfred L. Luongo, before whom the Pennsylvania action is pending, certified this class for purposes of settlement only,2/ and preliminarily approved settlements between this class and several individual defendants and most of the brokerage defendants.3/

The New York action was commenced as an individual action by three institutional investors that purchased Magic Marker stock during the time period set forth in the indictment. The New York action presently includes fourteen defendants: eleven

---

2/ On April 9, 1979, Judge Luongo granted plaintiffs' motion for class action certification with respect to the federal securities law claim of the Pennsylvania complaint. This class certification is not limited to purposes of settlement only.

3/ Each of the non-settling defendants in the Pennsylvania action has asserted cross-claims against some or all of the settling defendants.

of these parties -- Magic Marker, five brokerage houses, four individuals and a company that publishes an investment journal -- are also named as defendants in the Pennsylvania action. In addition, four other individuals that are named as defendants in the Pennsylvania action are named as co-conspirators in the New York action.

The complaint in the Pennsylvania action and the complaint in the New York action, except for a more extended time period in the Pennsylvania complaint, track the Government's allegations, and basically allege that the defendants conspired to manipulate and inflate artificially the market price of Magic Marker stock. In addition, plaintiffs in the New York action allege that two individual defendants -- the president of Magic Marker and a registered representative of Shearson Hayden Stone Inc. (Shearson), a brokerage defendant[4/] -- made express material misrepresentations directly to these plaintiffs concerning the value of Magic Marker stock. The Pennsylvania plaintiffs also allege that they had a "special and confidential" customer relationship with Shearson based on

> (a) plaintiffs' recognition of the investment advice given to them by Shearson through [Shearson's registered agent], and (b) Shearson's holding itself out to plaintiffs and the investing public, as an old, long-established, highly competent and expert broker-dealer and investment advisor with the highest standards of care, prudence, and integrity.

---

[4/] The president of Magic Marker, Shearson and Shearson's registered representative are also named as defendants in the Pennsylvania action. Among the brokerage houses named as defendants in both the Pennsylvania action and the New York action, only Shearson has not yet entered into a settlement agreement with the settlement class in the Pennsylvania action.

The Pennsylvania complaint and the New York complaint charge that defendants' fraudulent course of conduct violated both the federal securities laws and, respectively, Pennsylvania and New York securities and/or deceptive business practices laws.

Substantial pretrial proceedings have already occurred in both the Pennsylvania action and the New York action. On October 17, 1978, the Honorable Lee P. Gagliardi, to whom the New York action is assigned, denied a motion brought by four defendants in the New York action to transfer that action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

One of the brokerage houses that is named as a defendant in both the Pennsylvania action and the New York action has moved the Panel, pursuant to 28 U.S.C. §1407, to transfer the New York action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the action pending there.  Eight other defendants, including seven common defendants, have joined in this motion.  Plaintiffs in both the Pennsylvania and New York actions oppose transfer.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation. Accordingly, we deny the motion to transfer.[5/]

---

[5/]   All parties to this litigation waived their right to oral argument and, accordingly, the matter before us was submitted for decision on the briefs.  See Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572 (1978).

Movants argue that the actions before the Panel involve a common core of facts arising from the allegations that Magic Marker common stock had an artificially inflated market price because of an intricate securities fraud undertaken by Magic Marker and the other defendants. Thus, movants maintain, transfer for coordinated or consolidated pretrial proceedings is essential in order to eliminate the possibility of duplicative discovery, prevent conflicting pretrial rulings and conserve the time and efforts of the parties, the witnesses and the judiciary. Movants state, for example, that certain conflicting discovery requests have already been made in the New York and Pennsylvania actions.

Movants contend that the allegation that plaintiffs in the New York action purchased their Magic Marker stock after face-to-face dealings with certain defendants does not distinguish that action from the Pennsylvania action. Movants point out that the complaint in the New York action alleges not only these face-to-face dealings, but also alleges the overall conspiracy involved in the Pennsylvania action and in the Government proceedings. In addition, movants state, the New York plaintiffs' purchases of Magic Marker stock fall within the period of time covered in the Pennsylvania complaint, and the New York plaintiffs are members of the **classes certified in the Pennsylvania** action. Finally, movants stress that each potential class member and class representative had face-to-face dealings with a brokerage house. Movants conclude that the New York plaintiffs are thus in no different position from any of the other class members.

We do not find these arguments convincing. Where, as here, only a minimal number of actions are before the Panel, movants bear a strong burden of showing that the common factual questions are sufficiently complex and that the accompanying discovery will be so time consuming as to justify transfer under Section 1407. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). While we agree with movants that these two actions involve numerous significant common questions of fact regarding the alleged conspiracy artifically to inflate the market price of Magic Marker stock, and that the presence of these questions commends Section 1407 transfer,6/ a careful review of the entire record before the Panel has persuaded us that this factor is outweighed by the advanced stage of pretrial proceedings in these actions. Inclusion of the two actions now before us in coordinated or consolidated pretrial proceedings would, we are convinced, disrupt the orderly progress which is being made in those actions and would result in no significant benefits to the litigation as a whole. See In re Photocopy Paper, 305 F. Supp. 60, 61-62 (J.P.M.L. 1969).

We note that the parties can easily take steps to coordinate whatever discovery remains to be accomplished in the two actions.7/

---

6/ We note that the New York plaintiffs have explicitly represented to the Panel that they intend to opt out of the Pennsylvania settlement class.

7/ The New York plaintiffs, in their papers before the Panel, have explicitly offered to coordinate with plaintiffs' lead counsel in the Pennsylvania action all discovery with respect to the common defendants. The New York plaintiffs state that they made a similar offer of voluntary cooperation in April, 1978 in connection with the Section 1404(a) motion in the New York action.

For example, notices of a particular deposition could be filed in both actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any past and future discovery relevant to both actions may be used in either action; and any party could seek orders from the two district courts directing the parties to coordinate their remaining pretrial efforts. See In re Oklahoma Insurance Holding Company Act Litigation, 464 F. Supp. 961, 965-66 (J.P.M.L. 1979); In re Molinaro/Catanzaro Patent Litigation, 464 F. Supp. 966, 969 (J.P.M.L. 1979). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). Furthermore, consultation and cooperation among the two concerned district courts, if deemed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. See In re Allen Compound Bow Patent Litigation, 446 F. Supp. 248, 250-51 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the action pending in the Southern District of New York and listed on the following Schedule A to the Eastern District of Pennsylvania be, and the same hereby is, DENIED.

DOCKET NO. 375                                              SCHEDULE A

EASTERN DISTRICT OF PENNSYLVANIA

Wolgin, et al. v. Magic Marker Corporation                  Civil Action
                                                            No. 77-315

SOUTHERN DISTRICT OF NEW YORK

A. W. Jones Company, et al. v. Jay Teitelbaum,              Civil Action
et al.                                                      No. 78 Civ. 0303(LPG)